Oberlee JENKINS, Plaintiff-Appellant,

v.

McDERMOTT, INC., and Tad Technical Services, Inc., Defendants-Appellees.

No. 83-3425.

United States Court of Appeals, Fifth Circuit.

Sept. 21, 1984.

**192**

Kierr, Gainsburgh, Benjamin, Fallon & Lewis, Nick F. Noriea, Jr., New Orleans, La., Diamond, Lattof & Gardner, Mobile, Ala., Francis E. Leon, Jr., for plaintiff-appellant.

Milling, Benson, Woodward, Hillyer, Pierson & Miller, John T. Nesser, III, John M. Golden, New Orleans, La., for defendants-appellees.

Wood Brown, III, New Orleans, La., for Tad Technical.

## ON PETITIONS FOR REHEARING AND SUGGESTIONS FOR REHEARING EN BANC

(Opinion June 14, 1984, 5 Cir., 1984, 734 F.2d 229)

Before RANDALL, TATE, and WILLIAMS, Circuit Judges.

PER CURIAM:

We grant the appellees' petitions for panel rehearing, vacate in part our panel opinion, and remand.

This is an appeal from a dismissal by summary judgment of a tort suit against McDermott. The plaintiff was injured while performing services on McDermott's premises during the course of his employment with a contractor (TAD) that had contracted to furnish certain services at McDermott's site.

On original hearing, we reversed the summary judgment and remanded, insofar as the district court had held the plaintiff employee's employment not within the coverage of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.* 734 F.2d 229 (5th Cir.1984). We did so on the basis of a decision of this circuit handed down after the district court's judgment below. *Thornton v. Brown & Root, Inc.,* 707 F.2d 149 (5th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 735, 79 L.Ed.2d 194 (1984).

On petitions for rehearing, the defendant and third-party defendant, appellees, suggest, inter alia, that the present facts may be distinguishable from those in *Thornton* and that, at any rate, the decision (subsequent to our own opinion) of the Supreme Court on June 26, 1984 in *Washington Metropolitan Area Transit Authority v. Johnson,* — U.S. —, 104 S.Ct. 2827, 81 L.Ed.2d 768 (1984), casts doubt on our holding that under the Longshoremen's Act the principal, McDermott, enjoyed no immunity from a tort suit by an employee of its contractor.

The record as developed in the district court, for summary judgment purposes only, did not take into account the issues posed by the subsequent circuit decision in *Thornton* nor by the subsequent Supreme Court decision in *Washington Transit.* The sketchy record does not, for instance, touch on factual issues of employment duties and insurance coverage that are relevant under expansive or limited readings of the holdings, respectively, of these two subsequent decisions.

Rather than attempt now to interpret and apply these subsequent decisions to a record that was developed without reference to the issues presented by these subsequent decisions, we deem it appropriate to GRANT the petitions for panel rehearing and to VACATE our panel opinion, insofar as it reversed the summary judgment dismissing the plaintiff's negligence and strict liability claims against McDermott. However, we VACATE the district court's summary judgment in this regard, and we REMAND to the district court for further proceedings on these claims. We do not vacate our panel decision insofar as

it affirmed the dismissal of the plaintiffs' intentional tort claim against McDermott.

REHEARING GRANTED; ORIGINAL PANEL OPINION VACATED IN PART.