IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30544

_____


GULF STATES AIRGAS, INC.,

Plaintiff-Appellee,

versus

AMERICAN MARINE CONSTRUCTION, INC.;
AMERICAN OILFIELD DIVERS, INCORPORATED,

Defendants-Appellants.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(98-CV-821)
_____

April 10, 2000

Before POLITZ, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]


Gulf States Airgas, Inc. leased welding equipment to American Oilfield Divers, Inc. and its wholly-owned subsidiary, American Marine Construction, Inc. (collectively "AOD/AMC"). This equipment was lost at sea. The district court held that AOD/AMC was liable for the loss. For the reasons stated herein, we affirm.


I

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 1997, Airgas leased welding equipment and gas cylinders to AOD/AMC. The equipment invoices had a bailment contract on the back, and the gas cylinder invoices had a rental agreement on the back. Both the contract and the rental agreement contained indemnity clauses purporting to obligate the lessee for various types of loss or damage. The equipment and cylinders were loaded on a ship, and when the ship later capsized, the equipment and cylinders were lost. Airgas sent AOD/AMC an invoice for this equipment for $53,134.10.

Before this issue was resolved, AOD/AMC sent Airgas a vendor service agreement that included an indemnity clause purporting to generally relieve AOD/AMC of liability for losses incidental to performance of the service agreement. Airgas later agreed to sign the service agreement with a retroactive date of March 1, 1996. AOD/AMC then refused to pay for the lost equipment. Airgas then filed suit.

On summary judgment, the district court initially concluded that the AOD/AMC service agreement governed, and that the agreement relieved AOD/AMC of liability. But on a motion for reconsideration, the district court vacated its earlier judgment and ruled for Airgas instead. As part of that decision, the district court held that the AOD/AMC service agreement only applied to services onshore.

II

2

Interpretation of the terms of a contract is a matter of law. Weathersby v. Conoco Oil Co., 752 F.2d 953, 956 (5th Cir. 1984). We review a district court's legal conclusions on a grant of summary judgment de novo, and view the facts in the light most favorable to the non-movant.  In re Millette, 186 F.3d 638, 641 (5th Cir. 1999).  Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Id.

Under Gaspard v. Offshore Crane and Equipment, Inc., 106 F.3d 1232, 1236 (5th Cir. 1997), indemnity clauses are to be construed narrowly based on their specific language.  After examining the service agreement in this case, including Exhibit A attached thereto, we agree with the district court that the service agreement does not govern liability for the lost equipment and cylinders.  For that reason, the judgment in favor of Airgas is

A F F I R M E D.