IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-30110

In Re: In the Matter of: ELEVATING BOATS LLC, as owner of the A C
Brown Elevator praying for Exoneration from or Limitation of Liability

---------------------------------------------------

ELEVATING BOATS LLC,

Petitioner - Appellant,

v.

DEVON LOUISIANA CORP, formerly known as Ocean Energy Inc,

Claimant - Appellee.

Appeal from the United States District Court for the
Eastern District of Louisiana
2:03-CV-3259

Before GARWOOD, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This appeal involves a maritime contract dispute between appellant Elevating Boats, L.L.C. ("Elevating Boats" or "the Owner"), the owner of the M/V A.C. BROWN ELEVATOR, and the vessel's time charterer, appellee Devon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Louisiana Corp. ("Devon" or "the Charterer"). Elevating Boats challenges the district court's grant of summary judgment to Devon and award of $250,000 in damages based on Elevating Boats' breach of its alleged obligation to list Devon as an additional insured on its protection and indemnity ("P & I") insurance policy. We AFFIRM the judgment of the district court.

I

The case underlying this appeal arose from an allision that occurred while Devon was the vessel's time charterer. Four Devon subcontractors were injured in the allision and filed suit against Elevating Boats and Devon. Elevating Boats and Devon each settled with all of the plaintiffs. The last plaintiff settled on the first day of trial.

After all of the plaintiffs' claims were settled, a single issue remained in the case. Devon contended that Elevating Boats breached an obligation under the parties' Blanket Charter Agreement ("the Agreement") to list Devon as an additional insured on Elevating Boats' P & I policy. According to Devon, because Devon could not rely on Elevating Boats' insurance, Devon was forced to use its own insurance to cover the costs of its defense and settlement. Devon paid a $250,000 insurance deductible to cover the defense and settlement of the case. Devon sought to recover that amount from Elevating Boats.

The pertinent sections of the Agreement are as follows. First, the Agreement has an indemnity provision. The relevant portion of the indemnity provision, contained in paragraph 19(c), provides: "OWNER and CHARTERER each agree to indemnify and hold each other harmless from and against any cost and expenses resulting from loss, damage or personal injury to any third party to the extent of such indemnifying party's negligence in causing such loss, damage or personal injury." The parties do not dispute that each of the plaintiffs

was a "third party" for the purposes of this provision and that subsection (c) therefore applies.

The Agreement also contains a provision concerning the types of insurance that each party must obtain. Paragraph 26 of the Agreement provides in relevant part:

> CHARTERER and OWNER shall procure and maintain in effect, at their own expense, with reliable insurance companies authorized to do business in the state or states in which OWNER is to render Charter Services, insurance coverage to support the indemnities provided for herein, provided, however, that OWNER'S coverage shall be of the types and with limits not less than those set forth in Exhibit "A" attached hereto. . . . OWNER shall have the right, upon at least thirty (30) days prior written notice to CHARTERER, to elect self-insurance to support the indemnities provided for herein. In the event OWNER serves notice to elect self-insurance, then OWNER agrees to provide CHARTERER, upon request, sufficient financial information regarding OWNER'S ability to self-insure for the applicable indemnities. CHARTERER shall be allowed, in its sole discretion, to cancel upon 24 hours notice any vessel charter hereunder if CHARTERER is not fully satisfied as to OWNER'S ability to self-insure.

(emphasis added). Exhibit "A," referenced in paragraph 26, is titled "REQUIRED INSURANCE." Exhibit "A" requires Elevating Boats to maintain, among other insurance,"Protection and indemnity insurance on the SP 23 Form or equivalent, written to include the following endorsements and minimum limits: . . . CHARTER [sic] as an Additional Insured [and] Removal of 'other than Owner' Limitation clauses as respects CHARTER [sic]." Apart from listing the required insurance, Exhibit "A" further states and clarifies:

> It is further agreed that each such policy, other than Workers' Compensation policies, shall name CHARTERER its parent and affiliated companies as Additional Insured with respect to OWNER'S operations hereunder. However, OWNER shall be solely responsible for deductibles required under such policies, and OWNER shall not under any circumstances call upon CHARTERER for payment of such deductibles and OWNER shall defend,

3

indemnify and hold harmless CHARTERER, its parent and affiliated companies, their officers, directors, employees, and agents from and against any and all claims, demands, courses of action or suits with respect to such deductibles whatsoever the reason for or howsoever occurring whether as a result of the negligence in whole or in part of CHARTERER, or its parent and affiliated companies.

After twice reversing itself, the district court eventually granted summary judgment in favor of Devon for the full amount of the $250,000 deductible that Devon paid on its own insurance. Reviewing the language of the Agreement, the district court rejected Elevating Boats' argument that its obligation to list Devon as an additional insured was limited by the indemnity obligations in paragraph 19. The district court reasoned that Elevating Boats' obligation to name Devon as an additional insured constituted an independent obligation, separate and apart from the parties' indemnity agreement. The district court concluded that the Agreement required Elevating Boats to name Devon as an additional insured for coverage that extended beyond any indemnity obligations and awarded damages for Elevating Boats' failure to do so. Elevating Boats appealed.

## II

We review a district court's grant of summary judgment de novo, applying the same standard as the district court. Madison Materials Co., Inc. v. St. Paul Fire & Marine Ins. Co., 523 F.3d 541, 542 (5th Cir. 2008). Summary judgment is proper only if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Madison Materials Co., 523 F.3d at 543.[1]

---

[1] The parties consented to the district court's resolution of this issue on the papers submitted in connection with the motion for summary judgment and subsequent motions for reconsideration. On appeal, neither party contends that there were any genuine issues of material fact that warranted a trial, nor do they contend that the district court's resolution of this matter on summary judgment was improper.

The interpretation of the terms of a contract is a matter of law, which we review de novo. See Thibodeaux v. Vamos Oil & Gas Co., 487 F.3d 288, 293 (5th Cir. 2007). "A maritime contract containing an indemnity agreement, whether governed by federal maritime or Louisiana law, should be read as a whole and its words given their plain meaning unless the provision is ambiguous." Weathersby v. Conoco Oil Co., 752 F.2d 953, 955–56 (5th Cir. 1984).

III

As a threshold matter, Elevating Boats raises two procedural objections to the district court's judgment. First, Elevating Boats argues that the district court erred in granting an untimely motion under Federal Rule of Civil Procedure 59(e) and revising its prior order denying Devon's motion for summary judgment. Second, Elevating Boats argues that the district court abused its discretion in considering new arguments for the first time on a Rule 59(e) motion. Interestingly, despite these objections, which occupy the majority of Elevating Boats' brief, Elevating Boats urges us in a footnote to nonetheless review the substantive merits of the dispute "[i]n the interest of judicial efficiency."

Regardless, the district court did not commit any error or abuse its discretion in considering the Rule 59(e) motion. The district court's denial of Devon's motion for summary judgment on this issue was an interlocutory order, and the district court did not abuse its discretion by revising that order prior to the entry of final judgment. See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990) ("[B]ecause the denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069,

1075 n.14 (5th Cir. 1994) (en banc); see also FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.")

## IV

In its brief, Elevating Boats raises three arguments that the district court erred in construing the Agreement. Each of these arguments is without merit.[2]

## A

First, Elevating Boats argues that the district court erroneously interpreted the terms of the Agreement so as to render the indemnity provision contained in paragraph 19(c) of the Agreement meaningless and superfluous. This provision, it argues, was intended to ensure that each party was responsible for its own proportionate share of the fault in cases involving damage or injury to third parties. According to Elevating Boats, Devon and Elevating Boats each settled for their proportionate share of the fault; as such, under this provision, there was nothing left to resolve between Elevating Boats and Devon. Elevating Boats argues that the district court's award forced Elevating Boats to indemnify Devon for the costs of Devon's defense in contravention of the parties' Agreement.

The district court awarded damages to Devon because it determined that Elevating Boats breached an independent obligation under the Agreement to list

---

[2] Elevating Boats devotes a mere three-and-a-half pages of its brief to the merits of this contract dispute. There may be arguments that Elevating Boats might have raised but did not. We address only those arguments that Elevating Boats has raised; any arguments that Elevating Boats has not raised are waived. See, e.g., Yohey v. Collins, 985 F.2d 222, 225–26 (5th Cir. 1993). This decision should be read accordingly, narrowly focused on the arguments presented to the court by the appellant.

Devon as an additional insured under its P & I policy. The award was not based on any reapportionment of the fault between the parties, as contemplated by paragraph 19(c). As such, the district court's award did not conflict with the parties' indemnity agreement in paragraph 19(c), and Elevating Boats' argument that the award rendered this particular indemnity agreement "meaningless" is without merit.

B

Elevating Boats next argues that the district court erred in holding that it breached its obligation to list Devon as an additional insured under the Agreement. Elevating Boats argues that its obligation to list Devon as an additional insured was contingent on the applicability of the indemnity obligations in Paragraph 19 of the Agreement. Because indemnity was not required in this case, Elevating Boats argues that the additional insured obligation was inapplicable.

The plain language of Exhibit "A" requires Elevating Boats to list Devon as an additional insured for various, enumerated policies with respect to Elevating Boats' operations under the Agreement. This obligation is independent of the indemnity obligations and includes the P & I policy at issue in this case. We thus reject Elevating Boats' argument that this obligation is somehow contingent on the specific applicability of the indemnity provision in paragraph 19. Although paragraph 26 qualifies and circumscribes the purpose of the insurance coverage that each party is required to obtain ("to support the indemnities provided for herein"), that paragraph also requires that Elevating Boats' coverage "be of the types and with limits not less than those set forth in Exhibit 'A.'" Nothing in paragraph 26 suggests that the requirements of Exhibit "A" only apply if the indemnity provision of the Agreement is triggered. Thus, as the district court concluded, the obligations created by Exhibit "A" stand on

their own, independent of the specific applicability of the indemnity provision.

Based on Exhibit "A," Elevating Boats was required to list Devon as an additional insured on the P & I policy that Elevating Boats was required to obtain. The district court therefore did not err in concluding that the provisions of Exhibit "A" were applicable and that Elevating Boats breached its obligation to list Devon as an additional insured on the P & I policy.

## C

Finally, Elevating Boats argues that it was not required to pay Devon's deductible because Exhibit "A" requires only that Elevating Boats pay the deductibles on its own insurance and any insurance for which it is required to name Devon as an additional insured. This argument misconstrues the nature of the district court's award. Elevating Boats was required under the agreement to obtain insurance, list Devon as an additional insured, and cover any deductibles for that insurance. It failed to do so. As a result of this breach, Devon suffered damages, the cost of paying its own $250,000 deductible to proceed using its own insurance. The district court awarded Devon the $250,000 amount. Elevating Boats has not raised any argument to establish why this was an inappropriate measure of damages.

AFFIRMED